UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Lindsey Smith,<br><br>Petitioner,<br><br>v.<br><br>Minnesota Department of Corrections; MCF-Rush City; Stenseth, Warden of Rush City; Doctor John Doe #1; Dentist Jane Doe #1; John/Jane Does #1-20; Security Staff; Jennifer L. Goerts; Geoffrey D. Shelton; Giles R. LaBelle; Scott Y. Vang; Kenneth Peterson; Gregory LeKatz; Daren A. McGrath; Kavin E. Stewart; Timothy R. Fryfogle; Rachel Orvis; Jessica L. Lafountaine; Keith L. Zamora; Richard G. Roesler; Ryan S. Spanier; Kerrick Thelin; Gerald Basta; Trey R. Pate; Shawn D. Booker; Tyler J. Piekarski; and David Hopkins,<br><br>Defendants. | Case No. 24-CV-2880 (KMM/TNL)<br><br>**ORDER** |

The above matter comes before the Court upon the Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung, dated August 26, 2024. Judge Leung recommends dismissal of Plaintiff Jamal Lindsey Smith's Section 1983 lawsuit against the Minnesota Department of Corrections and various department staff for failure to prosecute. *See* ECF 5 (R&R) at 1–2. Specifically,

1

Judge Leung noted that Mr. Smith had previously been given a deadline to pay an initial partial case filing fee of $34.42 but had not done so, nor had he communicated with the Court about his case at all since filing his Complaint. *Id.* After the R&R issued, Mr. Smith filed a response on September 5, 2024, acknowledging that he had not paid the initial partial filing fee while stating that he could not afford to do so and asking that the Court refrain from dismissing his case because he was optimistic that his financial circumstances would improve within 30 days. *See* ECF 6-1. However, since then, Mr. Smith has made no further communication and the $34.42 remains unpaid.

The district court reviews de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Here, the Court will construe Mr. Smith's September 5 filing as a general objection to Judge Leung's recommendation for dismissal, and will therefore review the entire R&R *de novo*. Having done so, the Court concludes that the R&R contains no error. The Court further notes that the circumstances stated in the September 5 filing were described by Mr. Smith as temporary, and yet the initial partial filing fee still has not been paid. As such, the R&R is accepted and this matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The dismissal is without prejudice, meaning that Mr. Smith may renew his claims in federal court when he is prepared to prosecute the matter. But the Court joins Judge Leung's earlier warning to Mr. Smith that should he choose to once again

prosecute this action, he will need to file a complaint that alleges more specifically how the named defendants themselves violated the law, specify whether the defendants are being sued in their personal or official capacities, and consider Section 1983's limitation on monetary damages against state actors in their official capacities. *See* ECF 4 at 2, n.2. Failure to do so risks that any future complaint will not survive preservice review under 28 U.S.C. § 1915A.

Therefore**, IT IS HEREBY ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

**Let judgment be entered accordingly.**

Date: **March 7, 2025**                    *s/ Katherine M. Menendez*
                                            Katherine M. Menendez
                                            United States District Judge